IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIPA LAUSANNE, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-cv-734-MHT-GMB |
| ) | (WO – Do Not Publish) |
| KW PLASTICS RECYCLING ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff VIPA LAUSANNE, S.A. ("VIPA") originally filed a complaint against KW Plastics on October 5, 2015. Doc. 1. On October 29, 2015, VIPA amended its complaint to name KW Plastics Recycling Division ("KW Plastics Recycling") as the sole defendant. Doc. 10. VIPA's claims against KW Plastics Recycling are essentially breach of contract claims brought in federal court on the basis of diversity jurisdiction. Doc. 10 at ¶¶ 10−21.

Because federal courts have only limited jurisdiction, the court is obligated to determine whether a proper jurisdictional basis exists in every case. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (stating that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim"). Thus, when a plaintiff brings a claim in federal court, it is the plaintiff's burden to allege the specific facts necessary to establish jurisdiction and, if that jurisdiction is challenged, to support those allegations with adequate proof. *See Morrison v. Allstate Indem. Co.*, 228

F.3d 1255, 1273 (11th Cir. 2000); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction and if jurisdiction is properly challenged, that party also bears the burden of proof."). Thus, VIPA, as the party invoking diversity jurisdiction, must properly plead and, if challenged, prove that the citizenship of the parties is diverse.

Diversity jurisdiction under 28 U.S.C. § 1332 requires the matter in dispute to exceed the sum or value of $75,000, exclusive of interest and costs, and to be between citizens of different states, or—as in the case here—citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)−(2). For purposes of § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Williams v. Mast Biosurgery USA, Inc.*, Civil Action No. 7:08-cv-114, 2008 WL 4185992, at *2 (M.D. Ga. Sept. 5, 2008) ("Section 1332(c)(1)'s definition of citizenship also applies to foreign corporations. Thus, to properly allege the citizenship of a foreign corporation, . . . Plaintiff must allege both the place in which it was incorporated or organized and the place where it has its principal place of business." (internal citation omitted)).

VIPA alleges that it is a "foreign corporation with its principal place of business in Lausanne, Switzerland." Doc. 10, ¶ 1. Although VIPA's amended complaint does not

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

specifically allege VIPA's place of incorporation, its corporate disclosure statement identifies VIPA as a "Swiss corporation." Doc. 2.  Taking both of these allegations into consideration, the court is satisfied that VIPA has sufficiently established its citizenship for purposes of diversity jurisdiction.

The same cannot be said, however, for KW Plastics Recycling.  VIPA's amended complaint alleges that KW Plastics Recycling is "an Alabama general partnership doing business in Pike County, Alabama." Doc. 10, ¶ 2.  General partnerships are treated as citizens of every state in which any partner is a citizen, *see Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010), but VIPA's amended complaint fails even to identify KW Plastics Recycling's partners, much less allege their citizenship. Doc. 10, ¶ 2.  And KW Plastics Recycling's corporate disclosure statement does not cure this deficiency.  All this filing does is identify Wiley Bob, Inc. and Kenny Spot, Inc. as entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047.  It does not identify how these entities are related to KW Plastics Recycling, or the principal places of business and states of incorporation for these entities.  Thus, the court cannot determine KW Plastics Recycling's citizenship, and, consequently, whether diversity jurisdiction exists.

Accordingly, it is ORDERED that, on or before **January 29, 2016**, VIPA shall file a second amended complaint that properly alleges diversity jurisdiction.  For any unincorporated Defendant, VIPA is to identify each member or partner and provide his,

her, or its place of citizenship.[2]  **Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in the undersigned recommending dismissal of this action for lack of jurisdiction.**

DONE this 7th day of January, 2016.

                                        /s/ Gray M. Borden
                            UNITED STATES MAGISTRATE JUDGE

---

[2] Although the court concluded that VIPA properly alleged its citizenship based on certain allegations in the amended complaint (Doc. 10, ¶ 1) and statements contained in its corporate disclosure statement (Doc. 2), since VIPA will be required to file a second amended complaint to properly establish the citizenship of KW Plastics Recycling, VIPA is advised to plead its place of incorporation more specifically in the allegations of the second amended complaint.